NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>WARREN RANDOLPH KRAFT,<br><br>Debtor.<br><br>—<br><br>WARREN RANDOLPH KRAFT,<br><br>Appellant,<br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Appellee. | **On Appeal From:**<br>Case No.: 16-26949 (KCF)<br>Chapter 7<br>Hon. Kathryn C. Ferguson, U.S.B.J.<br><br><br><br>Civil Action No. 17-2464 (BRM)<br>Hon. Brian R. Martinotti, U.S.D.J. |

**MARTINOTTI, DISTRICT JUDGE**

Appellant Warren Randolph Kraft, Chapter 7 Debtor and plaintiff in the underlying bankruptcy proceeding ("Appellant" or "Kraft"), appeals (Appellant's Br. (ECF No. 13)) the April 7, 2017 Bankruptcy Court Order (Bankr. ECF No. 49) denying Kraft's second motion to reconsider the Bankruptcy Court's grant of prospective *in rem* relief from the automatic stay to Appellee Wells Fargo Bank, N.A. ("Appellee" or "Wells Fargo") pursuant to 11 U.S.C. § 362(d)(4) (Bankr. ECF No. 36). For the reasons set forth below, Kraft's appeal is **DENIED**, and the order of the Bankruptcy Court is **AFFIRMED**.

**I. BACKGROUND**

**A. The Parties' Relationship**

On September 1, 2016, Kraft filed a Chapter 7 Voluntary Petition. (Bankr. ECF No. 1.) Wells Fargo is the final assignee on the mortgage that Appellant's ex-wife, Laura Kraft, and father, Raymond F. Kraft, (together, the "Mortgagors") had on a property located at 7 Seneca Drive, Middletown, New Jersey (the "Property"). (Appellee App'x (ECF No. 16-1) WFa144-50, WFa165-66.) On September 29, 2006, Washington Mutual Bank, FA, one of Appellee's predecessors as mortgagee on the Property, filed a complaint for foreclosure and, on October 31, 2006, an amended complaint (the "Foreclosure Action") in the New Jersey Superior Court, Chancery Division (the "State Court"). (ECF No. 16-1 at WFa168-97.) Appellant was the defendant in the Foreclosure Action by virtue of a deed from the estate of his father. (ECF No. 16-1 at WFa171-72.) On July 24, 2007, the State Court entered final judgement of foreclosure and a writ of execution. (ECF No. 16-1 at WFa140.) On February 22, 2016, the State Court entered an amended final judgment of foreclosure and an amended writ of execution. (ECF No. 16-1 at WFa199-202.)

Between the State Court's entry of final judgment in the Foreclosure Action and Appellant's filing of his Chapter 7 Petition below, he filed five separate bankruptcy petitions:

1. On January 11, 2008, Appellant filed for Chapter 13 bankruptcy protection, Case No.: 08-10485-KCF. On August 11, 2009, the Bankruptcy Court dismissed the case because Appellant failed to make timely plan payments.

2. On March 5, 2010, Appellant filed for Chapter 13 bankruptcy protection, Case No.: 10-16444-KCF. On June 28, 2010, the Bankruptcy Court dismissed the case because Appellant failed to make timely plan payments.

3. On October 8, 2010, Appellant filed for Chapter 13 bankruptcy protection, Case No.: 10-41390-KCF. On February 7, 2011, the

> Bankruptcy Court dismissed the case because Appellant failed to make timely plan payments.

4. On April 1, 2011, Appellant filed for Chapter 13 bankruptcy protection, Case No.: 11-20308-KCF. On April 18, 2011, the Bankruptcy Court dismissed the case because Appellant failed to provide required documentation to the Chapter 13 Trustee.

5. On May 30, 2014, Appellant filed for Chapter 13 bankruptcy protection, Case No.: 14-21008-KCF. On July 2, 2014, the Bankruptcy Court dismissed the case because Appellant failed to provide required documentation to the Chapter 13 Trustee.

(ECF No. 16-1 at WFa140-41.) Appellee argues Kraft's numerous bankruptcy filings and the cases' quick dismissals show that Kraft's goal is to delay the sheriff's sale of the Property. (ECF No. 16 at 7.)

**B. Appellant's Bankruptcy Application and Appellee's Motion for *In Rem* Relief**

When Appellant filed for Chapter 7 bankruptcy protection, he listed his mailing address as:

> c/o Mary Jean Ferguson (temporary)
> 700 Ocean Avenue, Unit 507
> Spring Lake[,] NJ 07762

(Appellant App'x (ECF No. 13 at 9-275) K2a.) On December 16, 2016, the Bankruptcy Court entered an Order of Discharge under 11 U.S.C. § 727, which stated the discharge "does not close or dismiss the case." (Bankr. ECF No. 33; ECF No. 16-1 at WFa130-31.) On December 28, 2016, Appellee filed a motion for prospective *in rem* relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(4) (the "*In Rem* Motion"). (Bankr. ECF No. 35; ECF No. 16-1 at WFa132-205.) Appellant did not oppose the *In Rem* Motion, and on January 26, 2017, the Bankruptcy Court granted the motion. (Bankr. ECF No. 36; ECF No. 16-1 at WFa206-08.) The Bankruptcy Court's order provided that future bankruptcy cases filed by Appellant "will not stay any actions taken by [Appellee], its successors, assigns, or any other purchaser at Sheriff's Sale from proceeding with

any legal or consensual actions necessary for enforcement of its right to possession of, or title to, [the Property]." (ECF No. 16-1 at WFa208.) The Bankruptcy Court's order also stated it would remain in effect for two years. (*Id.*)

### 1. Appellant's First Motion to Reconsider

On February 9, 2017, Appellant filed a motion to reconsider the Bankruptcy Court's order granting the *In Rem* Motion (the "First Motion to Reconsider").[1] (Bankr. ECF No. 40; ECF No. 16-1 at WFa209-13.) Appellant sought reconsideration on two grounds: (1) he claimed he did not receive proper notice of the *In Rem Motion*; and (2) he argued "Wells Fargo's attorney in his certification fails to mention that [the Bankruptcy Court] granted [Kraft] a discharge under 11 U.S.C. sec. 727 on December 16, 2016." (ECF No. 16-1 at WFa210.) Appellee opposed the First Motion to Reconsider. (Bankr. ECF No. 41; ECF No. 16-1 at WFa214-22.)

On March 7, 2017, the Bankruptcy Court held a hearing on the First Motion to Reconsider at which Appellant failed to appear. (Bankr. Docket Entry of March 7, 2017; ECF No. 16-1 at WFa223, 1T 2:18-19.) The Bankruptcy Court's reasons for denying the First Motion for Reconsideration were set forth on the record as follows. (ECF No. 16-1 at WFa224-25, 1T 3:1-4:6.) First, as to Appellant's claim he did not receive proper notice, the Bankruptcy Court found Appellee served the *In Rem* Motion at the mailing address Appellant provided on his Chapter 7 filing. (ECF No. 16-1 at WFa224, 1T 3:1-20.) Second, as to Appellant's argument concerning Wells Fargo's failure to mention his discharge and his argument that "it will take two weeks to get documents . . . to show that he was awarded full ownership of the [P]roperty," the Bankruptcy Court found "[t]hese allegations, even if taken as true, would not have changed the outcome and

---

[1] The Bankruptcy Court docket indicates the First Motion to Reconsider was filed on February 10, 2017, but the motion papers bear a stamp indicated they were filed February 9, 2017. (ECF No. 16-1 at WFa209.)

4

are certainly not cause for reconsideration." (ECF No. 16-1 at WFa224-25, 1T 3:21-4:2.) On March 8, 2017, the Bankruptcy Court denied the First Motion to Reconsider. (Bankr. ECF No. 42.)

### 2. Appellant's Second Motion to Reconsider

On March 13, 2017, Appellant filed a second motion to reconsider the grant of the *In Rem* Motion (the "Second Motion to Reconsider"). (Bankr. ECF No. 47; ECF No. 16-1 at WFa228-68.) Appellee opposed the Second Motion to Reconsider. (Bankr. ECF No. 48; ECF No. 16-1 at WFa269-78.) In its opposition, Appellee argued the Second Motion to Reconsider was part of Appellant's ongoing efforts to delay the Foreclosure Action. (ECF No. 16-1 at WFa273.)

On April 4, 2017, the Bankruptcy Court held a hearing on the Second Motion to Reconsider, which Appellant attended. (Bankr. Docket Entry dated April 4, 2017; ECF No. 16-1 at WFa279, 2T 2:1-3.) After oral argument, the Bankruptcy Court denied the motion and issued an opinion on the record. (Bankr. ECF No. 49; ECF No. 16-1 at WFa292-95, 2T 16:2-18:7.) Among the reasons the Bankruptcy Court cited in its opinion was the fact that "[a] second motion for reconsideration is not something that is even allowed by the rules." (ECF No. 16-1 at WFa294, 2T 17:14-16.) The Bankruptcy Court also noted Appellant's five previous bankruptcy filings, the fact he was served at the mailing address he had provided, and the irrelevance of Appellant's contentions concerning his need to obtain State Court papers regarding his ownership of the Property. (ECF No. 16-1 at WFa293-94, 2T 16:2-17:11.)

On April 11, 2017, Appellant filed this Appeal.[2] (ECF No. 1.)

---

[2] Appellant initially named Wells Fargo's counsel, Phelan Hallinan Diamond & Jones, P.C. as the Appellee (Transmittal of Appeal Documents (ECF No. 6-1 at 1)), which led Wells Fargo's counsel to file a Motion to Dismiss (ECF No. 17). Appellant corrected the error (ECF No. 18), and the Court terminated the Motion to Dismiss (Docket Entry dated August 23, 2017).

**II. LEGAL STANDARD**

"The proper standard of review to be applied by a district court when reviewing a ruling of a bankruptcy court is determined by the nature of the issues presented on appeal." *In re Beers*, 2009 WL 4282270, *3 (D.N.J. 2009) (quoting *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Committee*, 321 B.R. 147, 157 (D.N.J. 2005). A district court reviews "the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re United Healthcare System, Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (quoting *In re Trans World Airlines, Inc.*, 145 F.3d 124, 130-31 (3d Cir. 1998)). A district court "review[s] the Bankruptcy Court's decision to lift the automatic stay for abuse of discretion." *In re Myers*, 491 F.3d 120, 128 (3d Cir.2007).

**III. DECISION**

This Court finds the Bankruptcy Court properly denied the First and Second Motions to Reconsider.

**A. The Scope of the Appeal**

As a preliminary matter, the Court notes the scope of the Appeal is narrower than Appellant argues in his motion papers. Appellant contends the Court should review and overturn the Bankruptcy Court's January 26, 2017 Order granting the *In Rem* Motion. (ECF No. 13 at 1-4.) Pursuant to Federal Rule of Bankruptcy Procedure 8002(a), "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." A party who files a motion for reconsideration, similar to a motion to amend or alter judgment under Federal Rule of Civil Procedure 59, "re-starts the [14]-day clock [and] the [14]-day period begins to run from the denial of the motion for reconsideration." *In re Taylor*, 343 F. App'x 753,

755-56 (3d Cir. 2009) (citing Fed. R. Bankr. P. 8002(b)(2)) (finding the time to appeal under Federal Rule of Bankruptcy 8002(a) is analogous to Federal Rule of Civil Procedure 59). If the party files a second motion for reconsideration, "the [14]-day clock does *not* re-start if 'the factual and legal issues surrounding the [first] motion and the [second] motion are roughly similar.'" *Id.* at 756 (quoting *In re Turner*, 726 F.2d 112, 114 (3d Cir. 1984) (second and third alterations in original)).

Here, the Bankruptcy Court granted the *In Rem* Motion on January 26, 2017. (Bankr. ECF No. 36.) Appellant filed the First Motion to Reconsider on February 9, 2017 (Bankr. ECF No. 40; ECF No. 16-1 at WFa209), which restarted the clock to file a notice of appeal of the January 26, 2017 Order. The Bankruptcy Court denied the First Motion to Reconsider on March 8, 2017 (Bankr. ECF No. 42), which meant Appellant would have had to appeal of that decision on or before March 22, 2017. Rather than appeal, Appellant filed the Second Motion to Reconsider on March 13, 2017. (Bankr. ECF No. 47.)

The Bankruptcy Court found, and this Court agrees, that "the factual and legal issues surrounding the [first] motion and the [second] motion are roughly similar" in Appellant's two motions to reconsider. (ECF No. 16-1 at WFa294, 2T 17:14-21); *see Taylor*, 343 F. App'x at 756 (quoting *Turner*, 726 F.2d at 114) (alterations in original). Therefore, Appellant's appeal of the Bankruptcy Court's January 26, 2017 Order granting the *In Rem* Motion is untimely, and this Court does not have jurisdiction over that appeal.

**B. The Appeal of the Bankruptcy Court's Denial of the Motions to Reconsider**

The only issues before the Court on this Appeal are those Appellant raised in his First and Second Motions to Reconsider: (1) whether he was properly served and (2) whether the Bankruptcy Court properly rejected Appellant's argument regarding the discharge.

7

### 1. Appellee's Service of Appellant

Federal Rule of Civil Procedure 5(b)(2)(C) provides service can be completed by "mailing it to the person's last know address." Federal Rule of Bankruptcy Procedure 9006 grants additional time to respond a motion when service is made by mail. A written motion "shall be served not later than seven days" before the hearing date unless service is by mail, in which case "three days are added after the prescribed period would otherwise expire." Fed. R. Bankr. P. 9006(d)-(f).

Here, Appellee filed the *In Rem* Motion on December 28, 2016. (Bankr. ECF No. 42; ECF No. 16-1 at WFa132.) The *In Rem* Motion was returnable on January 24, 2017, twenty-seven days after it was filed. Wells Fargo's counsel certified it served the *In Rem* Motion by regular mail to both of the addresses Appellant included on his Chapter 7 Petition. (ECF No. 16-1 at WFa135.) Therefore, Appellee served Appellant at his mailing address and his last know address more than ten days before the hearing date. Appellant contends he was not aware of the *In Rem* Motion until January 28, 2017, when his mother gave him a Federal Express envelope Wells Fargo's counsel sent on January 9, 2017. (ECF No. 13 at 6.) He also claims, while Wells Fargo's counsel filed the *In Rem* Motion on December 28, 2016, "they didn't attempt to serve [him] until January 9th." (*Id.*) Appellant does not cite any rule Appellee failed to follow in its service. Further, he does not cite, nor can the Court identify, any abuse of discretion in the Bankruptcy Court's finding that Appellant had been properly served.

Therefore, Kraft's Appeal is **DENIED** as to the Bankruptcy Court's finding that he had been properly served, and the Bankruptcy Court is **AFFIRMED**.

### 2. Appellant's Argument Concerning the Discharge

Appellant argues the Bankruptcy Court's erred in granting the *In Rem* Motion because "a Chapter 7 Discharge Order was previously granted, the automatic stay no longer was in effect,

and . . . Wells Fargo could [have] proceed[ed] in rem against [Kraft]'s property."[3] (ECF No. 13 at 7.) He further argues the Bankruptcy Court ignored the fact that Wells Fargo's writ of execution in the Foreclosure Action expired had expired and it was therefore prohibited to proceed with a foreclosure sale of the Property. (*Id.*) Appellant argues this Court should reverse the Bankruptcy Court because Appellee did not inform the Bankruptcy Court of the Chapter 7 discharge. (*Id.*)

The Bankruptcy Court held, and this Court agrees, the fact Appellant had received a Chapter 7 discharge is not grounds for reconsideration of the Bankruptcy Court's grant of the *In Rem* Motion. (*See* ECF No. 16-1 at WFa294, 2T 17:6-11.) A discharge in bankruptcy extinguishes a creditor's right to proceed against a debtor in an *in personam* action but does not affect a creditor's right to proceed in an *in rem* action. *Johnson v. Home State Bank*, 501 U.S. 78, 79 (1991). The fact Appellant had received a Chapter 7 discharge did not prevent Wells Fargo from proceeding seeking *in rem* relief. Appellant's arguments concerning this issue are an attempt to relitigate the merits of the *In Rem* Motion, which this Court has already determined it lacks jurisdiction to review. (*See* Appellant's Reply Br. (ECF No. 19) at 1-3.)

Therefore, the Court finds the Bankruptcy Court correctly determined there was no basis to review Appellee's decision to seek *in rem* relief, and Kraft's Appeal is **DENIED**.[4]

---

[3] Appellant seems to argue Wells Fargo's *In Rem* Motion was improper because the automatic stay was not in place, meaning Wells Fargo did not need to seek relief from the stay. (ECF No. 13 at 7.)

[4] Appellant also argues the Bankruptcy Court erred in not granting his "Motion to Avoid Judicial Liens Impairing his Homestead Exemption." (ECF No. 13 at 8.) Because the Bankruptcy Court determined that motion was not before it on the Second Motion for Reconsideration's April 4, 2017, return date, the issue is not properly before this Court on this Appeal.

**IV. CONCLUSION**

For the reasons set forth above, Kraft's appeal is **DENIED** the order of the Bankruptcy Court is **AFFIRMED**. An appropriate Order will follow.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: September 25, 2018